60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edward M.F. HANNAH, Petitioner-Appellant,
v.
Edward R. MEYERS, Respondent-Appellee.
 No. 95-15258.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward M.F. Hannah, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, Hannah was convicted of forcible rape and two counts of assault with a deadly weapon. Hannah contends that the trial court violated his right to confrontation by limiting the scope of his cross-examination of the complaining witness. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 "The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id. at 679. We will hold there is a Sixth Amendment violation only where the trial court abused its discretion. Wood v. Alaska, 957 F.2d 1544, 1550 (9th Cir.1992). "A trial court does not abuse its discretion so long as the jury has 'sufficient information' upon which to assess the credibility of witnesses." Id.; Evans v. Lewis, 855 F.2d 631, 633-34 (9th Cir.1988) (explaining that evaluation of witness' general credibility enjoys less protection than right to develop witness' bias).
 
 
 4
 Here, Hannah contends that the trial court impermissibly restricted his cross-examination of the complaining witness, Deaneatrice K., because he was not allowed to impeach her credibility with evidence of her history of drug use. We disagree.
 
 
 5
 Hannah's proposed cross-examination referred to Deaneatrice K.'s general credibility rather than her bias or motivation and is therefore entitled to less protection. See Evans, 855 F.2d at 634. The precluded line of questioning was cumulative because the jury learned that Deaneatrice K. had a prior drug history: Deaneatrice K. admitted that she and Hannah "used to do drugs together way before," defense counsel read a letter from Deaneatrice K. to Hannah in which she stated "I'm not on drugs anymore," and Hannah testified that he met Deaneatrice K. in a "rock house." Deaneatrice K. also indicated during her testimony that she was familiar with the terms associated with crack cocaine. Furthermore, Dr. Alex Stalcup, a physician who treats people with problems of drug addiction, testified as to the effects of crack cocaine on a person's cognition and perception. Accordingly, the trial court did not violate Hannah's Sixth Amendment right to confront Deaneatrice K. because the jury had sufficient information to evaluate her credibility. See Wood, 957 F.2d at 1550; Evans, 855 F.2d at 633-34.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3